United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH KINNARD,
Plaintiff,

v.

STEVE NARARRO, et al.,
Defendants.

Case No. 25-cv-06951-JSW

**ORDER DENYING MOTIONS TO RECUSE, TO CHANGE VENUE, TO ALTER OR AMEND THE JUDGMENT, AND FOR RECONSIDERATION, GRANTING MOTION TO CORRECT NOTICE**

Re: Dkt. Nos. 21, 22, 25, 29, 30

On September 16, 2025, this Court issued a screening order dismissing this action with prejudice and instructing the Clerk to close the file. Plaintiff, appearing pro se, has moved to (1) recuse the undersigned; (2) change venue; (3) alter or amend the judgment; (4) to correct a notice in the docket; and (4) for reconsideration. The Court, having reviewed Plaintiff's submissions, HEREBY DENIES the motion to recuse, DENIES the motion to change venue, DENIES the motion to alter or amend the judgment, GRANTS the motion to correct the notice, and DENIES the motion for reconsideration.

**A. Motion to Recuse.**

Plaintiff contends that the undersigned judge has manifested bias and prejudice against Plaintiff. Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The challenged judge himself must rule on the

legal sufficiency of a recusal motion in the first instance. *United States v. Azhocar,* 581 F.2d 735, 738 (9th Cir. 1978). Here, because the Court finds the motion was not legally sufficient, it has no obligation to refer the matter to the Clerk for reconsideration by another judge. *See, e.g., United States v. Studley*, 783 F.2d 934, 939-940 (9th Cir. 1986).

Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993). A motion for disqualification based on the district court judge's adverse ruling is not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous cases for the same proposition). The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, *Inc*., 862 F.2d 1381, 1388 (9th Cir. 1988). The Court finds that the reasons provided in Plaintiff's motion for recusal of the undersigned are allegations that stem from the Court's prior adverse rulings in related cases and do not comprise legitimate bases for recusal.

Plaintiff also contends that the undersigned's tenure in private practice or his service as a United States Attorney "place him in proximity to the legal networks implicated in Plaintiff's allegations of fraud, civil rights violations, and antitrust misconduct." (Dkt. No. 21, Motion to Recuse at 2, ¶ 3.) The Court finds that the undersigned's previous legal practice in both private and public settings does not constitute valid bases for recusal. There is no connection between the parties before the Court and the undersigned's previous employment as an attorney. The Court DENIES the motion to recuse.

**B. Motion to Change Venue.**

Plaintiff moves for accommodations based on his age, health, and proximity to the San Francisco courthouse to change venue to that courthouse. While the Court affirms dismissal of this matter, should it be remanded to the undersigned, the Court shall accommodate Plaintiff by having him appear by Zoom conference, thereby accommodating for his advanced age and poor health. The Court DENIES the motion to change venue.

**C. Motion to Alter or Amend the Judgment.**

In addition, Plaintiff moves pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1), 60(b)(6), 60(d)(1), 60(d)(3), and 60(b)(4) to reverse the Court's previous ruling and void the judgment entered on September 16, 2025. (Dkt. No. 20, Screening Order.) Plaintiff bases his motion on newly discovered evidence, clear error of law, and manifest injustice. Having reviewed Plaintiff's multiple submissions, the Court finds that there is no recently discovered evidence that changes its opinion on the ability of Plaintiff to proceed with his stale claims. Further, there is no clear error of law or manifest injustice that requires the Court to alter or amend its judgment. Although it is true that the Court is obliged to review Plaintiff's pleadings with some liberality as he proceeds pro se, the Court remains convinced that Plaintiff fails to state claims upon which relief can be granted. Even considering equitable tolling on the basis of Plaintiff's hardships and impairments, the Court finds that the claims are both lapsed and have been the subject of multiple previous federal lawsuits and are therefore barred as res judicata. The Court DENIES the motion to alter or amend the judgment.

**D. Motion to Correct Notice.**

Plaintiff moves to correct the docket to identify his submission at Docket No. 26 as a motion for terminating sanctions against Defendants for spoliation of evidence, fraud upon the Court, and unconscionable acts. Currently, the docket entry identifies the submission as a judicial notice. The Court GRANTS Plaintiff's motion to correct the docket. The Court has reviewed the motion for terminating sanctions and finds that it is not well-taken. Having dismissed the lawsuit, there is no further opportunity to levy sanctions against Defendants.

**E. Motion for Reconsideration.**

In his motion for reconsideration, Plaintiff asserts that he has suffered from various physical impairments and seeks to have his claims considered timely. The Court does not find that Plaintiff has missed any deadline that is determinative. Rather, the Court sustains its prior findings that Plaintiff fails to state claims upon which relief can be granted because his claims are time-barred and have also been the subject of prior federal actions. The claims are both stale and barred by the doctrine of res judicata. Plaintiff's substantive claims are dismissed on the merits

United States District Court
Northern District of California

and not because of missed deadlines. The Court DENIES Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: September 11, 2026

JEFFREY S. WHITE
United States District Judge